UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 27, 2018

LETTER TO COUNSEL

RE: *Kevin Troy Cullip v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1302

Dear Counsel:

On May 12, 2017, Plaintiff Kevin Troy Cullip petitioned this Court to review the Social Security Administration's ["SSA's"] final decision to deny his claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Cullip's reply. [ECF Nos. 17, 20, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further consideration. This letter explains my rationale.

Mr. Cullip filed a claim for Supplemental Security Income ("SSI") on April 12, 2013, alleging a disability onset date of March 17, 2004. (Tr. 161-66). His claim was denied initially and on reconsideration. (Tr. 88-108). A hearing was held on October 29, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 36-82). Following the hearing, the ALJ determined that Mr. Cullip was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-35). The Appeals Council denied Mr. Cullip's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Cullip suffered from the severe impairments of "dysfunction of major joints and affective disorder." (Tr. 22). Despite these impairments, the ALJ determined that Mr. Cullip retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that claimant is able to stand for up to one hour and sit for up to one hour and can alternate between the two positions throughout the workday. He can also occasionally climb ramps or stairs, but can never climb ladders, ropes or scaffolds; he can occasionally balance, stoop, kneel, crouch and crawl. Further, the claimant may have

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

       occasional exposure to hazards, such as unguarded moving machinery and unprotected heights. He can also perform work that does not require him to move his neck up and down or left and right more than 45 degrees from center. In addition, he is limited to simple, routine, and repetitive tasks in a work environment involving only simple, work-related decisions, and with few, if any, workplace changes.

(Tr. 24-25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Cullip could perform several jobs existing in significant numbers in the national economy. (Tr. 30). Accordingly, the ALJ determined that Mr. Cullip was not disabled. (Tr. 30-31).

       Mr. Cullip raises two primary issues on appeal: (1) that the ALJ's decision did not comport with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ improperly failed to consider a conflict between the VE's testimony and the *Dictionary of Occupational Titles*. I agree that the ALJ's decision does not comport with *Mascio*, and that remand is therefore required. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Cullip is not entitled to benefits is correct.

       Beginning with his successful argument, Mr. Cullip argues that the ALJ failed to account for his moderate difficulties in concentration, persistence, or pace in the RFC assessment, as required by the Fourth Circuit's holding in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00-12.15 (2015). The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

       Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id*. § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P,

App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that, absent such an explanation, remand was necessary. *Id*.

Here, the ALJ found that Mr. Cullip had "moderate difficulties" in concentration, persistence, or pace. (Tr. 24). The entirety of the ALJ's analysis states:

> There is no evidence of record that he has any significant thought disorder or cognitive deficits. At the hearing, his testimony was generally responsive, coherent, and without any apparent lapses of attention.

*Id.* According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Mr. Cullip's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Cullip to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict his RFC to "simple, routine, and repetitive tasks." (Tr. 25). Indeed, the ALJ's analysis entirely fails to address Mr. Cullip's pace or ability to sustain work over an eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace, and, if the ALJ finds a moderate limitation again, should explain his finding to permit an adequate evaluation under the dictates of *Mascio*.[2]

Mr. Cullip's second argument is that the ALJ failed to identify and explain a conflict between the *Dictionary of Occupational Titles* ("DOT") and the testimony of the VE. Pl. Mot. at Pl. Mot. 14-23. Essentially, he notes that the VE testified that Mr. Cullip could perform certain jobs incorporating a sit/stand option, but that the DOT does not address a sit/stand option with respect to any positions. *Id.* The ALJ "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" without referencing the sit/stand option. (Tr. 30). Arguably, although the sit/stand option is not addressed in the DOT, the inclusion of the sit/stand option does not render the VE's testimony "inconsistent" with the DOT.[3] In any event, I do not have to reach the issue in this case. Since

---

[2] Similarly, the ALJ made an essentially unexplained finding that Mr. Cullip has "moderate difficulties" in social functioning, but later stated that "there is not much record support for his claim that he cannot get along with people, as he testified he has been able to go back to school." (Tr. 23, 28). The ALJ should not find "moderate difficulties" unless they are supported by the record. Where moderate difficulties are found, the ALJ should either impose an RFC restriction to address the difficulties or explain why no such restriction is required.

[3] Mr. Cullip also suggests that the sit-stand option in this case would limit him to four total hours of sitting and four total hours of standing, which would leave him unable to perform the full range of either light work or sedentary work. Pl. Reply 7. However, there is nothing wrong with a hypothetical permitting only a restricted range of either light or sedentary work, such as that presented in this case. In other words, Mr. Cullip could potentially perform light positions that permit extra sitting or sedentary positions that permit extra standing.

*Kevin Troy Cullip v. Commissioner, Social Security Administration*
Civil No. SAG-17-1302
June 27, 2018
Page 5

the case is already being remanded on other grounds, on remand, the ALJ should consider whether the VE's testimony is consistent with the DOT, and should address any inconsistencies by inquiring as to the basis of the VE's opinion and resolving any existing conflict.

      For the reasons set forth herein, Mr. Cullip's Motion for Summary Judgment, (ECF No. 17), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 20), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

Stephanie A. Gallagher
United States Magistrate Judge